Filed 9/17/25  P. v. Jones CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B337030 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA405854) |
| v. | |
| SHAWN JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed with instructions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

Following the robbery of a recycling center in November 2012, Shawn Jones was charged with robbery (§ 211, count 1), criminal threats (§ 422, subd. (a), count 2), and felon in possession of a firearm (§ 29800, subd. (a)(1), count 3).  Gang enhancement allegations were asserted as to counts 1 and 2 (§ 186.22, subd. (b)(1)(C)), and a firearm use allegation was asserted as to count 1 (§ 12022.53, subd. (b)).  Also alleged were several priors.  A jury convicted Jones as charged and found true allegations of four prior felony convictions for which Jones served prison terms.  One of the priors was a strike conviction. Jones was sentenced to a total of 42 years, four months in prison. This court affirmed the judgment.  (*People v. Jones* (Mar. 2, 2016, No. B258757) [nonpub. opn].)

On December 11, 2023, Jones filed a petition for recall and resentencing under section 1172.75.  The trial court granted the petition and resentenced Jones to a total term of 27 years, eight months.  The court gave Jones 4,702 days of presentence custody credit, consisting of 4,089 actual days and 613 days of conduct credit.

Jones contends, and the People concede, that the court's conduct credit calculation was erroneous.  Under the reasoning articulated in *People v. Buckhalter* (2001) 26 Cal.4th 20, at a

---

[1]     We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

2

resentencing hearing for a defendant who has begun serving a sentence in state prison, the trial court is required to calculate the presentence conduct credits only up to the original sentencing date.  (*Id.*, at pp. 23, 29.)  The prison determines conduct credits for all actual credits earned after the original sentencing hearing.  (*Id.*, at pp. 30-31.)

The parties therefore assert that the abstract of judgment following resentencing should be modified to reflect 89 days of conduct credit—the amount of conduct credit reflected in the original sentencing and abstract of judgment from September 3, 2014.  We agree with their contention, and therefore order the correction.

## DISPOSITION

The superior court is directed to (1) prepare a corrected abstract of judgment reflecting 89 days of conduct credit, and (2) forward the corrected abstract to the Department of Corrections and Rehabilitation.  The court's February 23, 2024 order is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.

We concur:


MORI, J.                                              VAN ROOYEN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.